IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| Adriana Perez<br>*Plaintiff* | § § § § § | CIVIL ACTION NO. |
| v. | § § § | 5:24 - cv - 156 |
| Allstate Vehicle and Property<br>Insurance Company<br>*Defendant* | § § § § | **JURY REQUESTED** |

# NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, (hereinafter "Allstate"),** files this Notice of Removal of the present cause from the 341st District Court of Webb County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Laredo Division, and would show unto the Court as follows:

## I.

## THE PETITIONER

1.01    **ALLSTATE** is the Petitioner and Defendant in this lawsuit.

1

## II.

## THE LITIGATION

2.01    Petitioner is the Defendant in this civil lawsuit, Cause No. 2024CVH001502D3, entitled ADRIANA PEREZ VS. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND THERESA CYR, pending in the 341st District Court of Webb County, Texas. See **Exhibit A – 1.**

2.02    Plaintiff filed her Original Petition on September 6, 2024. See **Exhibit A-2.**

2.03    Defendants filed an Original Answer on October 4, 2024. See **Exhibit A-3.**

2.04    Defendant filed its Notice of Election of Legal Responsibility for Defendant Theresa Cyr on October 23, 2024. See **Exhibit A-4.**

2.05    The Honorable, Beckie Palomo, presiding over the 341st District Court of Webb County, Texas, signed an Order to Dismiss with Prejudice in favor of Theresa Cyr on October 24, 2024. See **Exhibit A-5.**

## III.

## REMOVAL

3.01    Defendant is filing this Notice of Removal based on improper joinder and therefore, complete diversity jurisdiction.

**A. Election of Legal Responsibility and Dismissal of Causes of Action Against Theresa Cyr in State Court**

3.02    Pursuant to Chapter 542A (a) and (c) of the Texas Insurance Code, Defendant Allstate elected to take legal responsibility and accept whatever liability Defendant Theresa

2

Cyr might have to the Plaintiff for her acts or omissions related to Plaintiff's claims and asked that the case against Theresa Cyr be dismissed accordingly. Once an insurer makes this election, it cannot be revoked, and a court may not nullify it or restore her to the case. Tex. Ins. Code § 542A.006 (f). Therefore, it is improper to join Theresa Cyr in this lawsuit because Plaintiff can no longer establish a state-law claim against her. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, at 199 (5th Cir. 2016); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004). Effectively, Theresa Cyr would be entitled to dismissal under FRCP 12(b)(6). *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).

   3.03   After an election of legal responsibility is made pursuant to 542A, the action assumes the shape of a removable case in the court in which it was brought and a defendant may remove the case to federal court. *Valverde v. Maxum Casualty Insurance Company*, 2021 WL 3885269 (S.D. Tex. 2021); *Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92, 101 (1898). Federal procedure mandates that removal cannot occur more than one year *after* commencement of the action. 28 U.S.C. § 1446(c).

   3.04   Because Allstate has elected to assume responsibility for Cyr, the Court need not consider her citizenship for jurisdiction purposes. *Flores v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553 (W.D. Tex. Oct. 31, 2018); *Horton v. Allstate Vehicle & Prop. Ins. Co.*, No. 5-19-CV-00140-FB-RBF, 2019 WL 1552494, at *3 (W.D. Tex. Apr. 9, 2019). Although a single valid cause of action against a nondiverse defendant precludes federal jurisdiction and requires remand to state court, if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover

against an in-state defendant," the party was improperly joined and federal jurisdiction vests. *Valverde*, 2021 WL 3885269 (S.D. Tex. 2021) (citing *McDonal,* 408 F.3d at 183 ((quoting Smallwood, 385 F.3d at 573)).

**B. Removal to Federal Court based on Diversity Jurisdiction**

3.05   Defendant Allstate is filing this Notice of Removal pursuant to complete diversity between the parties. 28 U.S.C. §1332(a); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899-900 (9th Cir. 2006). The Plaintiff is a citizen of Texas. Defendant Allstate is a citizen of Illinois. Additionally, the amount in controversy exceeds $75,000, excluding interest and costs, as is alleged in Plaintiff's Original Petition. 28 U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006). *See* **Exhibit A-2.**

3.06   This Notice of Removal is being filed within thirty (30) days from the date that this action assumed the shape of a removable case in the court in which it was brought. This Notice of Removal is therefore timely filed. 42 U.S.C. § 1446(b)(3).

**IV.**

4.01   True and correct copies of all pleadings and orders signed by the state judge contained in the District Clerk's File regarding Cause Number 2024CVH001502D3 are attached hereto, together with an Index of Exhibits attached as **Exhibit A**. A copy of the Docket Sheet from the District Clerk's office of Webb County, Texas for this lawsuit is attached as **Exhibit A-1**.

## V.

5.01   The claims asserted by Plaintiff could have been filed in this Federal Court pursuant to 28 U.S.C. §1332(a). Therefore, this Court has jurisdiction over this removal action pursuant to 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

## VI.

6.01   Defendant **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** demands a trial by jury.

## VII.

7.01   Defendant **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** hereby represents to this Court that the Webb County District Clerk and all parties and their counsel are receiving notice and copies of all the pleadings associated with Defendant's Notice of Removal.

WHEREFORE, PREMISES CONSIDERED, Defendant **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** prays for removal of the above entitled cause of action from the 341st District Court of Webb County, Texas, to this Court.

Signed on this 7th day of November, 2024.

        Respectfully submitted,

        LAWLER & ASSOCIATES, P.C.
        805 Media Luna, Ste. 620
        Brownsville, Texas 78520
        Telephone: (956) 574-0813
        Facsimile: (956) 574-0920


By:    /s/   Edmundo Leandro III
      Marion R. Lawler III
      State Bar No. 12040220
      Edmundo Leandro III
      State Bar No. 24098773
      E-service:
      mbarrera@lawler3firm.com
      Email: eleandro@lawler3firm.com
      Attorney for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** will on this the 7th day of November, 2024, be automatically accomplished through the Notice of Electronic Filing and by email upon the following:

Mr. David A. Christoffel
Christoffel Law Group, P.L.L.C.
1506 East Winding Way Drive, Ste. 506
Friendswood, Texas 77546

          /s/   Edmundo Leandro III
      Edmundo Leandro III

# EXHIBIT A
## INDEX OF EXHIBITS

1.  State District Court Docket Sheet, Cause No. 2024CVH001502D3;

2.  Plaintiff's Original Petition – 09/06/2024;

3.  Defendants' Original Answer and Jury Demand- 10/04/24;

4.  Defendant Allstate's Notice of Election of Legal Responsibility for Defendant Theresa Cyr- 10/23/24;

5.  Order to Dismiss With Prejudice- 10/24/24;